# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAY KRUISE | ) | No. |
|     Plaintiff | ) | |
| | ) | 3:14-CV-1937 |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
|     OF THE ARMY | ) | FILED |
| JOHN M. MCHUGH | ) | SCRANTON |
|     SECRETARY OF THE ARMY | ) | OCT -7 2014 |
| UNITED STATES OF AMERICA | ) | |
| | ) | PER_____ |
|     Defendants | ) | DEPUTY CLERK |

**Plaintiff's Motion to Request an Attorney In Accordance With Title VII of the Civil Rights Act of 1964, § 706 (f)(1)(B), 42 U.S.C. § 2000e-5(f)(1)(B)**

In the interest of justice, I respectfully request the Court to appoint a law firm to represent me on a contingency or pro bono basis. Also, permit me to file the complaint without payment of fees, cost, or security. I cannot afford to pay for an attorney for ongoing serious litigation. My case is very complex and interesting and it has been in the administrative adjudication for the past eight years. No final order exists, and it has been over one hundred and eighty days since I filed my administrative complaint.

## Facts and Procedural Background

My employer, United States Army (Agency), violated the Rehabilitation Act, the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and the rules, regulations, and public directives under such legislation, including Title 29 of the Code of Federal Regulations, Parts 1614 and 1630. These breaches occurred when employees of the Agency intentionally misused my mental health disability as their excuse to suspend me without pay for almost eight months in a foreign country, to silence and punish me for a prior Equal Employment Opportunity Commission (EEOC) complaint that I had filed against my supervisor.

I am an Asian male working for the Agency as a civilian Information Technology Specialist. While stationed in Seckenheim, Germany in May 2006, I filed an EEO complaint against my first line supervisor for discrimination based on race, national origin, and reprisal for filing EEO complaints. While my EEO complaint was being actively investigated by the Agency, I requested a reasonable accommodation that will not caused undue hardship to the agency's business operations. I cited depression from the daily harassment I received from my first line supervisor.

On July 28, 2006, the Agency supervisory officials met with me and requested that I provide them a medical note that includes diagnosis and recommendation from a competent medical authority, so they could entertain my reasonable accommodation request.

2

On September 7, 2006, I provided the agency with a written diagnosis which stated that I suffered from depression which was aggravated by my work situation, and recommended I be relocated to where I can work without being harassed. Instead of providing me a reasonable accommodation, the management officials misused the medical information I disclosed to squash my complaint against my supervisor and to suspend or remove me without following normal due process and legal procedures.

On July 9, 2007, I received an extensive mental health evaluation conducted by the Agency psychiatrist Robert Henley. Dr. Henley's evaluation confirmed that I posed no security risk. As a result, the Agency Central Personnel Security Clearance Facility restored my security clearance. On July 31, 2007, the Agency returned me to duty, temporarily assigning me to the Supply Division within the same command. On September 16, 2007, the Agency reassigned me to Tobyhanna Army Depot, Pennsylvania, but at a lower grade and pay scale.

On November 6, 2007, the Agency issued its Report of Investigation on my April 2007 EEO complaint. The report listed the claims asserted by me, and examined them in connection with failure to accommodate, disparate treatment, and retaliation.

After I returned to Tobyhanna Army Depot, Pennsylvania, I hired Mr. Paul Jorgensen, Esq. to represent me on my pending EEO complaint. It has since been the subject of a variety of procedural challenges by the agency.

On April 17, 2013, Mr. Jorgensen received an email from the EEOC Administrative Judge, Mr. Kurt C. Hodges, announcing that he has been assigned

to adjudicate my EEOC case, **Jay Kruise v. Department of Army, EEOC Case No. 570-2008-00166X**. He recommended voluntary mediation. I agreed to the mediation; however, I was deployed to Kabul, Afghanistan in support of Operation Enduring Freedom. As of to date, no EEOC hearing has been scheduled and my case against the Agency is languishing in the EEOC bureaucracy.

## Financial Need

I am currently employed as a civil servant with the U.S. Department of the Army, and I cannot afford to continue to pay attorney, Mr. Paul Jorgensen, Esq. for ongoing serious litigation. The suspension without pay for nearly eight months in a foreign country had completely wiped out my savings. When I returned to Pennsylvania in September 2007, I had to start rebuilding my finances all over again.

Thus far, I have spent $57,016 on lawyer fees, and Mr. Jorgensen was only charging me a discounted hourly rate ($180/hr). As of to date, I still owe Mr. Jorgensen $12,900, and I am paying off the debt $500 a month. The Agency is bitterly contesting all claims and asserted subjective characterizations of the circumstances and events leading to my adverse personnel action. The EEOC resolution process is ambiguous, and the plaintiffs rarely receive a favorable outcome. Therefore, I must rely on the federal court system for fair and speedy resolution.

4

As I have disclosed on form AO 240 (Application to Proceed in District Court Without Prepaying Fees or Costs), I am currently living from paycheck to paycheck. I have monthly financial obligations that must be satisfied in order to maintain a security clearance needed for my job. If I redirect my current monetary resources to finance this litigation in the federal court, I will not be able to pay my bills on time. Therefore, I will amass large amounts of delinquent debt on my credit report. A negative credit report will alert the Army Central Clearance Facility to revoke my security clearance, and I will be out of a job again.

## Benefit of Legal Representation

The suspension without pay came as a surprise to me. It left me wondering how filing an Equal Employment Opportunity complaint to report unfair and illegal work practices can have dire consequences. The Agency preaches EEO and No Fear Act, but in practice things can be much different. Everyday, from August 2005 to September 2005, I received constant work place harassment from my former supervisor and her friend. It left me feeling exhausted mentally and physically. When I noticed that there was no end in sight, I needed to separate myself from them for health reasons.

I was a victim of unfair and illegal treatment. If I thought I was wrong about any of this, I would just let it go. I have literally sacrificed most of my financial resources to pursue what I know to be right and have faith that a fair and impartial assessment will validate my position.

This case is not just about me, but also about tens of thousands of veterans that suffered traumatic brain injury or post-traumatic stress disorder in the Iraq and Afghanistan wars. They too are susceptible to being placed on indefinite suspension without pay, if they have a security clearance and complain about their invisible wounds. Hence, the Rehabilitation Act guarantees that no qualified individual with handicaps shall suffer discrimination by reason of his employment by the federal government. 29 USC 794(a). 29 CFR 1614.203(a) declares that the Federal Government "shall be a model employer of individuals with disabilities" The Agency suspended me for more than seven months, based on my voluntary disclosures of my mental impairment. The perpetuated "loophole" must be closed, and a resonate message sent to the Agency's management officials that they are not above the law.

Having a lawyer will bolster my chances of receiving a favorable outcome in the dispute with the defendants. The defendants have droves of legal counsel at their disposal and can easily drown the voice of a single employee. Mr. Paul Jorgensen, Esq. was assisting me with my case since September 2007; however, as a solo practitioner with limited resources, he could not engage with the Agency's lawyers in federal courts without compensation.

This is my first time filing a lawsuit against anybody; therefore, I am at a serious disadvantage compared to the defendants who have more resources, in-house lawyers, more attorneys representing them, and have experienced litigating EEO discrimination cases. Without a legal representation, my case will more likely to receive an early dismissal, less likely to gain early settlement and most likely to lose on summary judgment. Therefore, if I do not have the benefit of counsel, I am likely to fail.

Respectfully Submitted,

*[signature]*

Jay Kruise, Pro Se
550 Palmer Circle
Dickson City, Pennsylvania 18519
(570) 615-5994
jKruise@gmail.com

## Declaration Under Penalty of Perjury

I declare under penalty of perjury that the facts set forth in the foregoing are true and correct, that I am competent to testify to such facts, and that I have personal knowledge of such facts.

*[signature]*

Jay Kruise, Plaintiff