UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY KRUISE,<br><br>             Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY, et al.,<br><br>             Defendants. | CIVIL ACTION NO. 3:14-CV-01937<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

This is a *pro se* employment discrimination case, in which the plaintiff, Jay Kruise, seeks damages and injunctive and declaratory relief from his employer, a federal government agency, for violations of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, Title VII of the Civil Rights Act of 1964, and various federal regulations implementing these statutes. Kruise claims that he was unlawfully suspended without pay for a period of eight months while stationed in a foreign country in retaliation for filing an EEOC complaint.

I. **BACKGROUND AND PROCEDURAL HISTORY**

On October 7, 2014, Kruise filed his pro se complaint in this matter, along with a motion for leave to proceed *in forma pauperis* and a motion to appoint counsel. (Doc. 1; Doc. 2; Doc. 3). On February 25, 2015, the Court denied his *in forma pauperis* motion based on the supporting affidavit. (Doc. 5). On March 19, 2015, Kruise filed a handwritten "Notice of Withdrawal," which stated, in its entirety: "I want to withdraw my case due to lack of funds." (Doc. 6).

II. **DISCUSSION**

The Court has an obligation to liberally construe *pro se* pleadings and other submissions. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-46 (3d. Cir. 2013). Kruise does

not cite the rule itself, but it is clear that the intent of his "Notice of Withdrawal" was to effect the voluntary dismissal of this action, without prejudice, pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 41(a)(1). With that in mind, this Court is inclined to liberally construe this document as a notice of voluntary dismissal under Rule 41(a)(1). *See Mathis v. A3 Energy, Inc. v. County of Douglas*, No. 3:11-CV-00875-LRH-WGC, 2013 WL 4518202, at *2 (D. Nev. Aug. 23, 2013) (construing *pro se* post-answer "notice of withdrawal" as motion for voluntary dismissal under Rule 41(a)(2)).

"Rule 41(a)(1) allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention." *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d. Cir. 1987). Specifically, Rule 41(a)(1) provides, in relevant part:

> [T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . . Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Fed. R. Civ. P. 41(a)(1).

Without exception, the effect of a plaintiff's filing of a Rule 41(a)(1) notice of voluntary dismissal before service of an answer or a motion for summary judgment is "automatic: the defendant does not file a response, and no order of the district court is needed to end the action." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008). Moreover, "the notice results in dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case." *Bath & Kitchen Fixtures*, 535 F.3d at 165. "[T]he defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment." *Bath & Kitchen Fixtures*, 535 F.3d at 165.

As the Third Circuit has further explained:

> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." Up to the "point of no return," dismissal is automatic and immediate —the right of the plaintiff is "unfettered." A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it. A proper notice deprives the district court of jurisdiction to decide the merits of the case.

*Bath & Kitchen Fixtures*, 535 F.3d at 165–66 (citations omitted) (quoting other sources).

Because the defendants have not filed an answer or motion for summary judgment — indeed, they have not yet been served with a copy of the complaint — the plaintiff's "Notice of Withdrawal," construed as a Rule 41(a)(1) notice of voluntary dismissal, is "self-effectuating" and thus acts to terminate the action. *See Aamot v. Kassel*, 1 F.3d 441, 445 (6th Cir. 1993) (holding that Rule 41(a)(1) notice is "self-effectuating").

### III. RECOMMENDATION

Based on the foregoing, it is recommend that:

1. The plaintiff's "Notice of Withdrawal" (Doc. 6) be **CONSTRUED** as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i);

2. The action be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(1);

3. The motion to appoint counsel (Doc. 3) be **DISMISSED as MOOT**; and

4. The Clerk be directed to **CLOSE** this case.

Dated: March 20, 2015

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAY KRUISE,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3:14-CV-01937<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 20, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 20, 2015**　　　　　　　　　　　　　　　*s/ Karoline Mehalchick*
　　　　　　　　　　　　　　　　　　　　　　　　　　　**KAROLINE MEHALCHICK**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**